IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANCIS SEID and BEVERLY SEID, | ) ) ) | 8:05CV207 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| JAMES R. REEVES and RENT-ALL EQUIPMENT COMPANY INCORPORATED OF ST. JOSEPH, MISSOURI, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter involves a motor vehicle accident. Francis Seid was driving a pickup on a state highway protected by stop signs. A 12-ton truck driven by James Reeves, an employee of Rent-All Equipment Company Incorporated of St. Joseph, Missouri failed to stop at a stop sign on a street intersecting the highway on which Seid was traveling and collided with Seid's pickup. This matter is before the court upon a motion for summary judgment on the issue of liability. (Filing 54.) Plaintiffs assert that it is undisputed that Reeves was negligent and seek summary judgment on the issue of liability. Defendants responded by admitting many of the facts stated by Plaintiffs, contesting others, and by submitting additional facts. Those additional facts are properly supported by citations to the record. Upon consideration of the facts contested by Defendants and the additional facts submitted by Defendants, I find that there are questions of material fact as to whether Plaintiffs were contributorily negligent, and will deny the motion for summary judgment.

Defendants' response to the motion for summary judgment admitted several facts. Defendants have admitted paragraphs 1-11, 14-21, 23-25 28, and 29 of Plaintiffs' Statement of Material Facts. (Filing 58, Defs.' Br. in Opp'n to Pls.' Mot.

for Summ. J. at 1.)[1] Those admissions will be binding upon Defendants when this matter goes to trial. Specifically, Defendants have admitted the following:

   (a)   This court has jurisdiction and venue over this action. (Defs.' Br. at 4.)

   (b)   "Beverly Seid may recover for her loss of consortium, assuming that she can demonstrate such a loss." (Defs.' Br. at 4.)

   (c)   Rent-All is vicariously liable for any negligence of Reeves as he was an employee acting within the scope of his employment. (Defs.' Br. at 5 ("[t]here is no dispute that employers are vicariously liable for employees' actions committed in the scope of employment); Pls.' Stmt. of Facts, no. 5.)

   (d)   "There is no dispute that . . . Reeves was at least partially at fault for causing the accident . . . ." (Defs.' Br. at 5 ; Pls.' Stmt. of Facts, nos. 14-21, 23-25.)

Let me be clear. During consideration of this motion for partial summary judgment, the final pretrial conference in this matter was held. The order on that conference recites only six uncontroverted facts. (Filing 66 at 1-2.) I have found that all facts admitted by Defendants are uncontroverted, and not just the six noted in the order on pretrial conference. In addition, the order on pretrial conference states that the issue of "[w]hether James Reeves was negligent in the operation of his vehicle, and, if so, to what extent" is controverted and unresolved. (Filing 66 at 2.) I have found that Defendants have admitted that Reeves was at least partially negligent.

---

[1] Hereinafter cited as "Defs.' Br." The admitted statements of fact are found in Filing 55, Pls.' Br. in Supp. of Pls.' Mot. for Summ. J. in the statement of facts. They are cited as "Pls.' Stmt. of Facts, no. ___."

For the foregoing reasons,

IT IS ORDERED:

1. The motion for summary judgment on the issue of liability (filing 54) is denied;

2. Defendants have admitted paragraphs 1-11, 14-21, 23-25 28, and 29 of Plaintiffs' Statement of Material Facts. Those admissions will be binding upon Defendants when this matter goes to trial. Specifically, Defendant have admitted each of the following:

   (a) This court has jurisdiction and venue over this action. (Defs.' Br. at 4.)

   (b) "Beverly Seid may recover for her loss of consortium, assuming that she can demonstrate such a loss." (Defs.' Br. at 4.)

   (c) Rent-All is vicariously liable for any negligence of Reeves as he was an employee acting within the scope of his employment. (Defs.' Br. at 5 ("[t]here is no dispute that employers are vicariously liable for employees' actions committed in the scope of employment); Pls.' Stmt. of Facts, no. 5.)

   (d) "There is no dispute that . . . Reeves was at least partially at fault for causing the accident . . . ." (Defs.' Br. at 5 ; Pls.' Stmt. of Facts, nos. 14-21, 23-25.)

3. To the extent this order conflicts with the order on pretrial conference (filing 66), this order shall supercede the order on pretrial conference (filing 66).

March 17, 2006.                    BY THE COURT:

                                   *s/Richard G. Kopf*
                                   United States District Judge